511 A.2d 936

Fairwood Manor Associates, a limited Partnership, owner or reputed owner, et al., Appellants *v.* Borough of Irwin, a Municipal Corporation, Appellee. (6 cases)

Argued October 10, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*W. Thomas Laffey, Jr.*, with him, *Maurice A. Nernberg, Jr., Nernberg & Laffey*, for appellants.

*Alan K. Berk*, with him, *John N. Ward, Costello & Berk*, for appellee.

OPINION BY JUDGE PALLADINO, July 2, 1986:

Fairwood Manor Associates, et al.[1] (Appellants) appeal from an order of the Court of Common Pleas of Westmoreland County (trial court) which entered judgment in favor of the Borough of Irwin (Borough) on nine municipal claims filed by the Borough pursuant to the Municipal Claims and Tax Liens Law.[2] We affirm.

---

[1] The other Appellants are: Fairwood Manor Unit Owners Association; A. Richard Nernberg; Susan Nernberg; Stanley Cohen; and Paul Cohen.

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505.

The claims at issue were brought against Appellants for delinquent sewage charges allegedly due for sanitary sewage service provided by the Borough to condominium units in a residential complex known as "The Trees". Appellants contend that, under the applicable ordinances, they should have been billed for sewage service on the basis of water usage as measured by a water meter for each building of the complex, rather than on a flat rate basis per unit.

The trial court determined that under the Borough's sewage service ordinances each unit, rather than the entire complex, was to be treated as an equivalent dwelling unit (EDU) properly subject to the flat rate sanitary sewage charge imposed by the Borough. Accordingly, the trial court entered judgment in favor of the Borough.

On appeal to this Court, Appellants argue that the trial court erred in treating the units as apartments, rather than as a class of customers such as hotels or motels, under the Borough's ordinances. Appellants also contend that, if each unit is properly considered an EDU under the ordinances, the ordinances themselves are invalid because they do not classify customers in a reasonable fashion and do not equitably apportion the cost of sewage service to members within each class.

In reviewing the decision of a trial court, our scope of review is limited to a determination of whether the findings of fact are supported by substantial evidence, and whether the trial court committed an error of law. *White Rock Sewage Corp. v. Township of Monroe*, 77 Pa. Commonwealth Ct. 119, 465 A.2d 102 (1983).

The ordinances in question establish a schedule of charges for sewer service and the treatment of sanitary sewage, to be paid at a monthly flat rate per Equivalent Dwelling Unit (EDU). The term "Equivalent Dwelling Unit" is defined as follows:

An Equivalent Dwelling Unit (EDU) shall mean one of the following which shall have separate kitchen facilities and/or bathroom facilities and/or commode and/or lavatory and/or shower and/or laundry facilities and/or such other water-using facilities normally discharged into the Sewage Disposal System:

(1) One single house;

(2) Each house of multiple or row houses;

(3) Each apartment in an apartment complex;

(4) Each trailer (house or travel);

(5) Each 50,000 gallons or less of water used per year in the case of motels, hotels, and/or all other customers having a single water meter; and

(6) Each 50,000 gallons or less of water used per year in the case of commercial, industrial, and/or similar sewage customer accounts.

Appellants' condominium complex contains 448 units located in nineteen separate buildings, with each building having a single water meter. The Borough characterized each unit in the complex as an EDU, asserting that subsections (1) through (4) of the EDU definition apply to residential dwellings, while subsections (5) and (6) are applicable to structures used for non-residential purposes. The trial court determined that, because of their residential use, the units in Appellants' complex were properly classified by the Borough under subsection (3) as apartments in an apartment complex, regardless of whether the units were owned or rented by the occupants. Accordingly, the trial court held that the Borough did not abuse its discretion by treating Appellants' condominium units as apartments for sewage service billing purposes. Having carefully reviewed the record, we find that the trial court's findings on this issue are supported by substan-

tial evidence, and that the trial court did not commit an error of law in reaching its conclusion. *See Glen Riddle Park, Inc. v. Middletown Township.* 11 Pa. Commonwealth Ct. 574, 314 A.2d 524 (1974). (Township did not abuse its discretion by charging individual apartment units a flat fee for sewer rental, while charging industrial and commercial users at a flexible rate based upon metered consumption.)

With reference to Appellants' contention that the Borough's ordinances do not equitably apportion the costs of sewage service among its customers, our cases hold that "a municipality may create classifications of users so long as a charge is uniform within a classification and is reasonably proportional to the service rendered." *Glen Riddle Park,* 11 Pa. Commonwealth Ct. at 581, 314 A.2d at 527. Moreover, the burden is upon Appellants to show that the Borough has abused its discretion by establishing a rate system which was either unreasonable or lacking in uniformity. *Patton-Ferguson Joint Authority v. Hawbaker,* 14 Pa. Commonwealth Ct. 402, 322 A.2d 783 (1974). We agree with the trial court that Appellants have failed to carry this burden.

The sewage service charge imposed by the Borough is clearly uniform, since all residential EDU's are billed at the same flat rate. Moreover, Appellants have failed to prove that the manner in which residential customers are classified as EDU's is not reasonably proportional to the service rendered. Indeed, our review of the record indicates that the Borough's chosen rate system was reasonably intended to allocate the costs of sewer service among residents, while ensuring that sufficient funds were collected to cover the actual cost that the Borough itself was required to pay to maintain the service.

Accordingly, the order of the trial court is affirmed.

ORDER

AND NOW, July 2, 1986, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.